**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DEVON DELSHA ROGERS,

          Petitioner,

vs.                                    Case No.:    3:10-cv-382-J-34MCR
                                                              3:08-cr-135-J-34JBT

UNITED STATES OF AMERICA,

          Respondent.

_____/

## ORDER

This case is before the Court on Petitioner Devon Delsha Rogers's "Motion for Reconsideration Pursuant to Fed. R. Civ. Proc. Rule 60(b)(6)." (Doc. 28, Rule 60(b) Motion).[1] For the reasons set forth below, the Rule 60(b) Motion is due to be denied.

### I.    Background

On August 21, 2013, the Court dismissed Rogers's initial Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 26, Order Dismissing § 2255 Motion). In pertinent part, Rogers had argued that trial counsel gave ineffective assistance by failing to challenge the Presentence Investigation Report (PSR) and the corresponding Sentencing Guidelines calculation. (Doc. 1, § 2255 Motion at 4-5). Specifically, Rogers contended that counsel should have objected to the use of two prior Florida convictions for enhancing his sentence. (Id. at 4) (citing PSR at ¶¶ 27-28); see

---

[1]    Citations to the record in the underlying criminal case, United States vs. Devon Delsha Rogers, Case No. 3:08-cr-135-J-34JBT, will be denoted as "Crim. Doc. __." Citations to the record in the instant civil § 2255 case, Case No. 3:10-cv-382-J-34MCR, will be denoted as "Civ. Doc. __."

also PSR at ¶ 22.  The Court classified Rogers as a career offender under U.S.S.G. §

4B1.1 based on a pair of 2006 aggravated assault offenses, to which Rogers had pled

nolo contendere, and in which adjudication had been withheld.  PSR at ¶¶ 22, 27-28.[2]

Rogers had argued that "Florida state law controls the issue of determining my status of

having feloney [sic] convictions," § 2255 Motion at 4, and that he "was never adj[u]dicated

guilty in the state of Florida of a felony.  To be counted as a prior sentence means any

sentence [must] previously [have been] imposed upon adjudication of guilt," id. at 5.  Thus,

Rogers contended, since adjudication had been withheld in his 2006 aggravated assault

offenses, they should not have counted as prior convictions for purposes of the United

States Sentencing Guidelines, and counsel was ineffective for not so arguing.

The Court dismissed Rogers's initial § 2255 Motion because he had knowingly and

voluntarily waived the right to collaterally attack his sentence.  See Order Dismissing §

2255 Motion at 8-13, 16.  The Court entered judgment against Rogers shortly thereafter

(Doc. 27, Judgment), and Rogers never filed an appeal.

However, on October 24, 2016, Rogers filed a second § 2255 motion, arguing that

he was entitled to a correction of his sentence based on Clarke v. United States, 184 So.

3d 1107 (Fla. 2016), and United States v. Clarke, 822 F.3d 1213 (11th Cir. 2016).  (Crim.

---

[2]     The PSR states that Rogers pled guilty to both offenses, but the attorneys clarified at the sentencing hearing that Rogers pled nolo contendere to both offenses and adjudication had been withheld. (E.g., Crim. Doc. 52, Sentencing Transcript at 4-6, 15, 35). Consistent with the law, trial counsel did not argue that a plea of nolo contendere or a withhold of adjudication prevented a prior offense from qualifying as a prior conviction for purposes of the Sentencing Guidelines.  Id. at 4-5, 35-36; accord U.S.S.G. § 4A1.2(a)(4) (plea of nolo contendere qualifies as a prior conviction); United States v. Elliot, 732 F.3d 1307, 1312-13 (11th Cir. 2013) ("[A] plea of nolo contendere with adjudication withheld is a conviction for purposes of the § 4B1.1 career offender enhancement.").

Doc. 63, Second § 2255 Motion).  In those decisions, the Florida Supreme Court and the Eleventh Circuit Court of Appeals respectively held that, for purposes of the Florida and federal statutes forbidding possession of a firearm by a convicted felon, Fla. Stat. § 790.23(1) and 18 U.S.C. § 922(g), a prior withhold of adjudication does not qualify as a "conviction."[3]  Rogers argued that the Clarke decisions represented a change in the law, which entitled him to vacatur of his career offender enhancement because his 2006 aggravated assault offenses allegedly no longer qualified as convictions.  This Court dismissed the second § 2255 motion because it was an unauthorized second or successive motion to vacate.  (Crim. Doc. 64, Order Dismissing Second § 2255 Motion). Rogers then went to the Eleventh Circuit Court of Appeals to seek authorization to file a second or successive motion to vacate, but the Eleventh Circuit denied that application as well.  (Crim. Doc. 65, USCA Order).  In doing so, the Eleventh Circuit explained that "[t]he decision in Clarke was not issued by the United States Supreme Court, and it did not announce a new rule of constitutional law retroactive to cases on collateral review, and thus, it fails to meet the statutory requirements of § 2255."  Id. at 3.

On February 9, 2017, more than three years after the Court dismissed his initial § 2255 Motion, Rogers filed the instant Rule 60(b) Motion.  In the Motion, Rogers raises

---

[3]      The Florida Supreme Court's decision in Clarke is only controlling for purposes of whether a defendant has a felony conviction under the federal felon-in-possession statutes, 18 U.S.C. § 921, et seq..  That is because Chapter 44 of Title 18 of the United States Code specifically incorporates state law in determining what qualifies as a conviction.  18 U.S.C. § 921(a)(20) ("What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.").  By contrast, "the meaning of 'conviction' for purposes of the [§ 4B1.1] sentencing enhancement … is a matter of federal rather than state law."  Elliot, 732 F.3d at 1312-13 (collecting cases).  As such, the Florida Supreme Court's decision in Clarke does not control whether a withhold of adjudication qualifies as a prior conviction under the Guidelines' career offender provision.

essentially the same arguments that he did in the Second § 2255 Motion and in his application to the Eleventh Circuit Court of Appeals.  Rogers argues that the <u>Clarke</u> decisions represent a change in the law that undermines the validity of his Guidelines calculation and sentence.  <u>See</u> Rule 60(b) Motion at 1-4.  Rogers contends that the Court has authority to grant him relief from the denial of his initial § 2255 motion for "any other reason that justifies relief," including "extraordinary circumstances."  Rule 60(b) Motion at 2 (citing Fed. R. Civ. P. 60(b)(6)).  Rogers suggests that the <u>Clarke</u> decisions constitute such "extraordinary circumstances."

## II.    Discussion

"A Rule 60(b) motion from the denial of a § 2255 motion is considered a successive motion if it seeks to present a new ground for relief from a judgment of conviction or if it attacks the federal court's previous resolution of a claim on the merits."  <u>Peters v. United States</u>, — F. App'x —, 2017 WL 443631, at *1 (11th Cir. Feb. 2, 2017) (citing <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 531-32 (2005)).  "Conversely, a Rule 60(b) motion is permissible if 'neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's ... conviction.'"  <u>Id.</u> (quoting <u>Gonzalez</u>, 545 U.S. at 533).  A motion under Rule 60(b)(6) "contend[ing] that a subsequent change in substantive law is a 'reason justifying relief' … is in substance a successive habeas petition and should be treated accordingly."  <u>Gonzalez</u>, 545 U.S. at 531 (citing with approval <u>Dunlap v. Litscher</u>, 301 F.3d 873, 876 (7th Cir. 2002), and <u>Rodwell v. Pepe</u>, 324 F.3d 66, 69 (1st Cir. 2003)).

That is precisely what Rogers's Rule 60(b)(6) Motion is.  Rogers contends that a subsequent change in the law – i.e., the <u>Clarke</u> decisions – is an "extraordinary

circumstance" that justifies relief from the 2013 Order dismissing his initial § 2255 motion. As such, Rogers is substantively attacking the legality of his sentence, notwithstanding his claim that he is challenging a "defect in the integrity" of the § 2255 proceedings.  Rule 60(b) Motion at 2.  Accordingly, the Court must construe Rogers's Rule 60(b) Motion for what it is:  a second or successive motion to vacate (just like the one he filed on October 24, 2016).

Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…."  28 U.S.C. § 2255(h).  "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)).  Because the Eleventh Circuit has not authorized Rogers to file a second or successive § 2255 motion, the Court lacks jurisdiction over the current motion to vacate.

Accordingly, it is hereby

**ORDERED:**

Petitioner Devon Delsha Rogers's "Motion for Reconsideration Pursuant to Fed. R. Civ. Proc. 60(b)(6)" (Doc. 28), construed as a second or successive motion to vacate, is **DENIED** for lack of jurisdiction.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of February, 2017.

MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:

Counsel of record
Petitioner Devon Delsha Rogers